### STATE of Maine

v.

### Jeffrey PICKERING.

Supreme Judicial Court of Maine.

Argued March 5, 1981.

Decided May 1, 1981.

---

**1202** ■ 

Janet Mills, Dist. Atty., Auburn, Henry N. Berry, III, Dist. Atty., Portland, Wayne S. Moss (orally), Asst. Atty. Gen., Augusta, for plaintiff.

Pickering & Becker, P.A., Jeffrey Pickering, Peter J. Becker (orally), Bridgton, for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, GLASSMAN * and CARTER, JJ.

WERNICK, Justice.

We have before us two cases [1] consolidated for disposition on appeal. In each case defendant Jeffrey Pickering was charged with having committed the "traffic infraction" [2] of exceeding the speed limit, in violation of 29 M.R.S.A. § 1251. In each case defendant moved in the *District Court* to have a trial by jury, contending that he was guaranteed the right to such a trial by either Article I, Section 6 [3] or Article I, Section 20 [4] of the Constitution of Maine. [5] In each case the District Court denied defendant's motion. Each case came before the Superior Court, one (CUM–80–56) after

the District Court had adjudicated that defendant had committed the traffic infraction, and the other (AND–80–27) before the District Court had ruled on the merits of the allegations against defendant. The Superior Court decided in each case that defendant had no constitutional right to a trial by jury for a traffic infraction.

Because of these differences in the procedure by which the cases came before the Superior Court, we must discuss them separately, even though they purport to present the same single issue on appeal: whether the Superior Court was correct in deciding that defendant had no constitutional right to a jury trial of an alleged traffic infraction.

In CUM–80–56 we deny the appeal, and affirm the Superior Court judgment. In AND–80–27 we dismiss the appeal on the ground that we lack jurisdiction of it because the Superior Court lacked subject-matter jurisdiction of the case as purportedly brought before it.

*1.*

■ In CUM–80–56 after the District Court judge denied defendant's motion for a jury trial, the judge heard the case and found that defendant had committed the traffic infraction alleged against him. Defendant then appealed to the Superior Court, pursuant to Rules 80F(j) and 73(a) M.Dist.Ct.Civ.R., seeking review of the District Court's refusal to grant his motion for

---

* GLASSMAN, J., sat at argument and conference but did not otherwise participate.

1. CUM–80–56 and AND–80–27.

2. Section 1 (17–C) of 29 M.R.S.A. defines a traffic infraction as:

"[A]ny violation of any provision of this Title, or of any rules or regulations established thereunder, not expressly defined as a felony or misdemeanor, and otherwise not punishable by incarceration or by a fine of more than $500. A traffic infraction is not a crime, but is a civil violation and the penalty therefor shall not be deemed for any purpose a penal or criminal punishment. There shall be no right to trial by jury for a traffic infraction."

3. Article I, Section 6 of the Constitution of Maine provides in relevant part that:

"In all criminal prosecutions, the accused shall have a right ... [t]o have a speedy, public and impartial trial, and, except in trials by martial law or impeachment, by a jury of the vicinity."

4. Article I, Section 20 of the Constitution of Maine states:

"In all civil suits, and in all controversies concerning property, the parties shall have a right to a trial by jury, except in cases were it has heretofore been otherwise practiced."

5. By relying on both the criminal and civil jury trial provisions of the Maine Constitution, defendant manifested his unwillingness to acknowledge that the current provisions making "speeding" nominally and substantively a "traffic infraction" are adequate to divest it of its former character as a criminal offense.

a jury trial. At no time while defendant was before the Superior Court did he demand a "de novo" trial before a jury.

Defendant thus plainly purported to, and did, bring the case before the Superior Court as strictly a Rule 73(a) appeal[6] under which the Superior Court is authorized to decide only questions of law and thus lacks authority to afford defendant a jury trial for the determination of questions of fact.

We conclude, therefore, that in this case it was not the prohibition of a jury trial contained in 29 M.R.S.A. § 1 (17–C) that was responsible for denying defendant a jury trial but, rather, defendant's own conduct: his tactic of asking the District Court, which lacked jurisdiction in the premises, to provide him a jury trial and utterly failing to ask the Superior Court, which has the jurisdiction to comply with the request, to grant him a trial by jury.

Regardless of whether defendant conceived the proceeding against him for "speeding" to be civil or criminal, procedural avenues were available to him to assert his claim for a jury trial *before the Superior Court,* as a court having jurisdiction to afford him such a trial.

Defendant apparently proceeded in this case as if he was involved in a civil proceeding. Hence, in the face of the Rule 80F(g) M.Dist.Ct.Civ.R. prohibition of "removal" to the Superior Court of a traffic infraction, defendant, in order properly to assert his claim of a constitutional right to trial by jury, should have directly attacked that prohibition, thereby to seek to bring himself before the Superior Court in a posture in which he was entitled to demand a trial by jury *in that court.* Defendant, in short, should have sought to *remove* his case from the District Court to the Superior Court, and if the District Court refused to allow removal or the Superior Court refused to accept it, defendant should have appealed such ruling.

Alternatively, if defendant was treating the proceeding against him as a "criminal prosecution", before judgment he should have sought a trial in the Superior Court under the "transfer" provisions of Rule 40 M.Dist.Ct.Crim.R., or after judgment he should have sought a "de novo" jury trial in the Superior Court under the "appeal" provisions of Rule 37 M.Dist.Ct.Crim.R. By utilizing either of these procedures, defendant would have put himself in proper position to demand that the Superior Court, which has the jurisdiction, grant him a trial by jury.

Defendant chose none of these approaches. Instead, he relied on making a demand for a jury trial only in the District Court, a court without power to grant the demand and provide a jury trial. The Superior Court, regardless of the rationale on which it arrived at its decision, was thus correct in its ultimate conclusion that the District Court acted without error in denying defendant's motion, as addressed to the District Court, to be given a trial by jury.

*2.*

In AND–80–27 the denial by the District Court of defendant's motion for a trial by jury was not followed by a District Court adjudication of the merits of the alleged traffic infraction. Instead, the District Court purported to authorize some form of interlocutory "appeal" to the Superior Court. The Superior Court heard the purported interlocutory appeal and, having decided that there is no constitutional right to a jury trial in proceedings brought for the commission of a traffic infraction, remanded the case for hearing and decision in the District Court. From this judgment of the Superior Court defendant has taken the instant appeal to this Court.

■ We must dismiss the appeal for lack of subject-matter jurisdiction. Nowhere in either the civil or criminal District Court Rules is there a provision authorizing an

---

**6.** The appeal procedure outlined in Rule 73(a) is clearly distinct from the procedures followed in Superior Court when a case is removed to Superior Court from the District Court pursuant to Rule 73(b). When a case is removed to the Superior Court, "the action shall be prosecuted ... as if originally commenced therein." Rule 80F(g) M.Dist.Ct.Civ.R. prohibits the removal of traffic infractions.

interlocutory "appeal" or "report" to the Superior Court. The only appeal provision in the District Court Civil Rules, Rule 73, requires the existence of a *final* judgment. Since, here, there was no such final judgment, the Superior Court lacked subject-matter jurisdiction of the purported interlocutory appeal from the District Court's denial of his motion for trial by jury. Absent jurisdiction in the Superior Court, the subject-matter jurisdiction of the Law Court does not attach.

The entries shall be:

(1) In CUM–80–56: Appeal denied; judgment of the Superior Court affirmed;

(2) In AND–80–27: Appeal dismissed; case remanded to the Superior Court for entry of a judgment of dismissal for lack of subject-matter jurisdiction.

All concurring.