Chipman P. ELA

v.

Cyr PELLETIER.

Supreme Judicial Court of Maine.

Argued May 10, 1985.

Decided July 19, 1985.

C.P. Ela, pro se, did not appear.

James A. McKenna (orally), William Stokes, Augusta, for State of Me.—intervenor.

Edward W. Klein (orally), Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and SCOLNIK, JJ.

VIOLETTE, Justice.

The defendant appeals from a judgment entered against him in a small claims action. His sole contention is that he is entitled to a jury trial. We determine that, insofar as it precludes defendants from obtaining trial by jury, the Maine small claims procedure violates article I, section 20 of the Maine Constitution. To remedy this constitutional defect, we hold that any small claims defendant who has a right to a jury trial under article I, section

20 may exercise that right through a trial *de novo* in the Superior Court on appeal from the judgment of the District Court. We remand the matter before us to the Superior Court to allow the defendant to exercise his right to such a trial *de novo*.

## I.

The plaintiff, Chipman Ela, filed this small claims action in the District Court, Bridgton. Ela alleged the following facts in his complaint:

> Defendant sold a tall clock (of his own making) to the plaintiff over 3 years ago which was defective either in material used or workmanship. To wit: the wood split in several places. Defendant agreed to repair so the clock was returned to him. For nearly three years in asking for my clock back I get nothing but excuses for his delinquency. On my last visit to him in Sept. this year he agreed to return my purchase price. Since then a letter from him insists on my paying him an additional 150.00 or pick up the clock un-done as is.

Ela then requested the following relief from the court: "Return the purchase price plus a modest interest since purchase. 600.00 plus approx. 198.00 interest."

The defendant, Cyr Pelletier, requested the removal of the case to the Superior Court for a jury trial. The District Court denied that request. There was no further activity in the District Court for over a year, as Pelletier attempted to secure a jury trial in this matter through collateral proceedings, first in the United States District Court, and then in the Superior Court, Cumberland County. After the dismissal of both of the collateral actions,[1] and an unsuccessful attempt to mediate the dispute, the District Court heard the merits of the action and entered a judgment in favor of Ela for $550 plus $10 costs.

Pelletier appealed to the Superior Court, Cumberland County. The sole issue raised by Pelletier in the Superior Court was whether he had a right to a jury trial under article I, section 20 of the Maine Constitution. The presiding justice granted a motion by the State to intervene pursuant to M.R.Civ.P. 24(d).[2] The Superior Court denied the appeal. Pelletier then filed the appeal presently before us.

## II.

The procedure for small claims actions in Maine is governed by 14 M.R.S.A. §§ 7481–85 (Supp.1984) and the Maine Rules of Small Claims Procedure. A plaintiff in an action that qualifies as a "small claim" under 14 M.R.S.A. § 7482 has a choice. He can bring his action in Superior Court and request trial by jury, or he can resort to the small claims procedure and have the action tried in the District Court before a judge without a jury.[3] *See* 14 M.R.S.A. § 7481 (a small claims action in the District Court is "an alternative, not an exclusive proceeding"). A defendant, however, has no such choice. There can be no removal of a small claims action to the Superior Court. 14 M.R.S.A. § 7484(4); *see* M.D.C.

---

**1.** We observe, as Pelletier now acknowledges, that the proper way for him to challenge the denial of his request for a jury trial was through a direct appeal after the entry of a final judgment against him in the District Court. *See State v. Pickering*, 428 A.2d 1201, 1203–04 (Me. 1981).

**2.** Rule 24(d) enabled the State to intervene as a matter of right because "the constitutionality of an act of the legislature affecting the public interest," namely, 14 M.R.S.A. § 7484(4) (Supp. 1984), "[was] drawn in question" by Pelletier's attempt to remove this action to the Superior Court for a jury trial. The Intervenor State has effectively assumed the role of the Appellee in this case, as Ela has not actively participated in the litigation since obtaining a judgment in the District Court.

**3.** The plaintiff also has a third alternative: he can simply bring the action in the District Court without resorting to the small claims procedure. In so doing, the plaintiff would forego his right to a jury trial. The defendant, however, would have the right to choose a trial in the District Court before a judge without a jury, or remove the action to the Superior Court pursuant to M.D.C.Civ.R. 73(b) where he could request trial by jury.

Civ.R. 81(a) (District Court Rules, including Rule 73(b) governing removal to Superior Court, do not apply to small claims actions). Furthermore, an appeal to the Superior Court "shall be on questions of law only and shall be determined by the Superior Court without jury." M.R.S.C.P. 11(d)(1); *see* M.D.C.Civ.R. 81(a) (District Court Rules, including Rule 73(a) specifying that appeals "shall be on questions of law only and shall be determined by the Superior Court without jury," do apply to appeals in small claims actions). Once the plaintiff decides to proceed through the small claims system, the defendant is precluded from obtaining a jury trial.

In the case at bar, Pelletier challenges this aspect of the small claims procedure. He contends that he is entitled to trial by jury under article I, section 20 of the Maine Constitution.

Article I, section 20, in pertinent part, provides: "In all civil suits, and in all controversies concerning property, the parties shall have a right to a trial by jury, except in cases where it has heretofore been otherwise practiced...." This provision "preserves the right to jury trial in civil actions *where that right existed when the Maine Constitution was adopted.*" *State v. Anton,* 463 A.2d 703, 708 (Me.1983) (emphasis in original).

The State, as intervenor, *see supra* note 2, observes that there is no right to a jury trial under article I, section 20 in suits in equity. *See id.* at 708. The State contends that Ela's small claims action is equitable in nature. Therefore, the State concludes, Pelletier is not entitled to a jury trial in this case.

■ We reject the State's position. From the contents of Ela's complaint we distill the following three allegations: 1) that Pelletier expressly or impliedly promised that the clock would be of good quality, such that the wood would not split; 2) that Pelletier expressly agreed to repair defects in the clock; and 3) that Pelletier expressly agreed to return the purchase price of the clock. According to the com-

plaint, Pelletier has not complied with any of these obligations undertaken by him. Based upon these broken promises alleged by Ela, the complaint requests monetary relief. We conclude that the action brought by Ela is essentially one for breach of contract, and not an equitable action as the State contends.

We further determine that Ela's action "is of a kind that was heard and determined by a common law court with a right to a jury trial prior to the adoption of the Maine Constitution." *Anton,* 463 A.2d at 709. Under the statutes of Massachusetts, which governed affairs in Maine up until the time of the adoption of our own Constitution, a "small" claim such as Ela's, for an amount not exceeding a statutory limit, was "heard, tried, adjudged, and determined by [a] Justice of the Peace." 1783 Mass. Acts ch. 42. "[A]ny party aggrieved at the judgment of any Justice of the Peace in a civil action" could appeal to the Court of Common Pleas, where the action would be heard *de novo* and that party could request trial by jury. *Id.*

Because there was a right to trial by jury in the equivalent of a small claims action such as Ela's at the time the Maine Constitution was adopted, that right is preserved today under article I, section 20. *Anton,* 463 A.2d at 708. Pelletier is entitled to a jury trial in this case.

### III.

■ In order to place the Maine small claims procedure in compliance with article I, section 20, we invalidate M.R.S.C.P. 11(d)(1) insofar as it requires that an appeal by the defendant "shall be on questions of law only and shall be determined by the Superior Court without jury." Similarly, we determine that, despite the declaration in M.D.C.Civ.R. 81(a) that "[r]eview by the Superior Court in [small claims actions] ... shall be by appeal in accordance with these rules," M.D.C.Civ.R. 73(a) will not apply to small claims actions insofar as it requires that an appeal by the defendant "shall be

on questions of law only and shall be determined by the Superior Court without jury." A defendant will still have to undergo a non-jury trial in the District Court in a small claims action; however, where he has the right to trial by jury under article I, section 20, it will be preserved through the availability of a *de novo* proceeding on appeal to the Superior Court. Because a plaintiff may choose not to use the small claims procedure and elect a jury trial in the first instance, *see supra* section II, it is not necessary to alter the rules governing small claims procedure to provide a *de novo* appeal for plaintiffs as well.

## IV.

The defendant was entitled under article I, section 20 of the Maine Constitution to have this small claims action tried before a jury. We therefore remand this case to the Superior Court, where the defendant will have the right to a trial *de novo* with a jury.

The entry is:

Judgment vacated.

Remanded to the Superior Court for proceedings consistent with the opinion herein.

All concurring.