**DESIGN DEVELOPMENT, INC.**

v.

**FERRAIOLO CONSTRUCTION.**

Supreme Judicial Court of Maine.

Argued March 3, 1987.

Decided March 25, 1987.

David Glasser, Lincolnville, for plaintiff.

Thiem & Williams, Bruce C. Williams (orally), Camden, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN, and SCOLNIK, JJ.

GLASSMAN, Justice.

The defendant, Ferraiolo Construction (Ferraiolo), appeals from an order of the Superior Court, Knox County, dismissing its appeal from a small claims judgment in favor of the plaintiff, Design Development, Inc. (Design Development). Ferraiolo con-tends that the Superior Court erred in denying its appeal for a jury trial de novo and that M.R.S.C.P. 11 unconstitutionally burdens its right to a jury trial. We disagree and affirm the judgment.

The dispute arose when a septic system built for Design Development by Ferraiolo failed, necessitating rebuilding of the leach field. Design Development brought a small claims action in the District Court, Rockland, alleging that Ferraiolo improperly constructed the septic system.

On July 3, 1986, Design Development recovered a judgment against Ferraiolo in the amount of $1,375. Ferraiolo secured an enlargement of time for filing its appeal to July 24, 1986. *See* M.R.S.C.P. 11(a). By its notice of appeal, Ferraiolo requested a jury trial de novo in the Superior Court pursuant to M.R.S.C.P. 11(d)(2).[1] The Superior Court entered its order denying the appeal for a jury trial de novo because "[t]he affidavits submitted by the [defendant] are not, in fact, affidavits and it has not been demonstrated that there is any genuine issue of material fact warranting trial by jury," and Ferraiolo appeals.

On appeal, Ferraiolo contends that the Superior Court erroneously determined its affidavits were insufficient, and because the 10–day appeal period set forth in M.R. S.C.P. 11(a) does not allow sufficient time to secure affidavits to accompany a notice of appeal, it unconstitutionally burdens the right to a jury trial under article I, section 20 of the Maine Constitution. We disagree.

M.R.S.C.P. 11(d)(2) requires a small claims defendant seeking a jury trial de novo in the Superior Court to file a written demand for a jury trial along with an affidavit or affidavits meeting the requirements of M.R.Civ.P. 56(e) and setting forth facts demonstrating a genuine issue of material fact. Rule 56(e) provides in pertinent part:

1. M.R.S.C.P. 11(d)(2) provides in pertinent part: A defendant who seeks a jury trial de novo shall briefly state the grounds of the appeal and demand a jury trial in writing on his notice of appeal and shall file with the notice an affidavit or affidavits meeting the require-ments of Rule 56(e) of the Maine Rules of Civil Procedure, and setting forth specific facts showing that there is a genuine issue of material fact as to which there is a right to trial by jury.

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

The documents filed by Ferraiolo with the notice of appeal were in letter form, contained no jurat and did not meet other requirements of M.R.S.C.P. 11(d)(2) or M.R.Civ.P. 56(e). *See Farrell v. Theriault,* 464 A.2d 188, 193–94 (Me.1983). The Superior Court properly found these documents insufficient.[2]

We find no merit in the contention of Ferraiolo that M.R.S.C.P. 11(a) unconstitutionally burdens the right to a jury trial. Although 10 days is a relatively short time period, it provides a reasonable opportunity to file the necessary documents. The requirement of the rule for an affidavit most frequently can be met by the defendant's own affidavit.

The entry is:

Judgment affirmed.

All concurring.

---

**2.** Design Development filed a motion to dismiss the appeal on the ground of inadequacy of the affidavits. The Superior Court did not act on this motion, but acted pursuant to its own power to "determine whether the defendant's affidavits are adequate and, if so, whether there is a genuine issue of material fact as to which there is a right to trial by jury." M.R.Civ.P. 80L(c)(1).

No hearing was necessary. *See also* M.R.Civ.P. 80L advisory committee's note, Me.Rptr. 498–509 A.2d LVIII–LIX (procedure analogous to summary judgment but operates automatically and burden on defendant to set forth in affidavit filed with jury demand specific facts showing that a genuine fact issue exists).