## H & H OIL COMPANY, INC.

### v.

### James M. DINEEN.

Supreme Judicial Court of Maine.

Submitted on Briefs March 13, 1989.

Decided April 6, 1989.

H & H Oil Co., Greenland, N.H., did not appear.

James M. Dineen, Kittery, pro se.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

CLIFFORD, Justice.

The defendant, James M. Dineen, a lawyer appearing pro se, appeals from an order of the Superior Court (York County, *McKinley, J.*) dismissing his appeal pursuant to M.R.Civ.P. 80L(c)(4) from a default judgment entered in favor of the plaintiff, H & H Oil Company, Inc. (H & H Oil), in the District Court sitting as the Small Claims Court (Kittery; *Gaulin, J.*). We affirm the judgment.

This case began over two years ago as a small claims action in the District Court.[1] In its statement of claim, H & H Oil alleged that Dineen owed the company $1400 for fuel oil and oil burner services. On August 20, 1987, Dineen failed to appear for trial and judgment was entered against him by default for $1400, plus costs. Dineen filed a notice of appeal and requested a jury trial de novo in the Superior Court pursuant to M.R.S.C.P. 11(d)(2). In an affidavit accompanying the notice of appeal, Dineen simply denied the allegations in the notice of claim and maintained that he was entitled to a jury trial de novo.

The Superior Court found that there was a genuine issue of material fact for trial and entered an order placing the case on the jury trial list pursuant to M.R.Civ.P. 80L(c)(1) & (2). Several months later, a different Superior Court justice (*McKinley,*

---

**1.** Throughout the course of the proceedings below, Dineen has repeatedly attempted to avoid adjudication on the merits of H & H Oil's claim and has never put forth a defense of any substance. The Small Claims Act was designed to provide "a simple, speedy and informal court procedure for the resolution of small claims." 14 M.R.S.A. § 7481 (Supp.1988). We express our strong disapproval of Dineen's attempts to thwart the purpose of the Act by delaying the resolution of H & H Oil's claim. *See Boothbay Register, Inc. v. Murphy,* 415 A.2d 1079, 1080 (Me.1980).

J.) dismissed the defendant's appeal pursuant to M.R.Civ.P. 80L(c)(4) after reviewing his affidavit and concluding that it failed to set forth specific facts showing that there was a genuine issue of material fact for trial by jury.

On appeal, Dineen contends that the doctrine of the "law of the case" precluded the Superior Court from dismissing his appeal after another justice of the court had placed the case on the jury trial list. We disagree for two reasons.

Dineen was a defendant in the Small Claims Court. In *Ela v. Pelletier*, 495 A.2d 1225 (Me.1985), we made clear that a small claims defendant has a right to a jury trial. *Id.* at 1228–29. Under the rules promulgated to implement our decision in *Ela*, a jury trial is a *de novo* trial, and the right to it must be exercised on appeal.[2] "De novo" is defined as "anew, afresh: over again (a case tried *de novo*)." *Webster's Third New International Dictionary*, at 602 (1981). The *de novo* language in the rules is in accord with what we said in *Ela:* a small claims defendant seeking a jury trial "will still have to undergo a non-jury trial in the District Court." 495 A.2d at 1229.

The Small Claims Act provides "a simple, speedy and informal court procedure for the resolution of small claims," 14 M.R.S.A. § 7481 (Supp.1988), and promotes " 'the policy of expeditious and inexpensive determination of controversies within the jurisdiction of the District Court.' " *Fournier v. Bernier*, 520 A.2d 1305, 1306 (Me.1987) (quoting 2 Field, McKusick & Wroth, *Maine Civil Practice* § 173.1, at 489 (2d ed. 1970)). Resolution of the merits of the claim at a small claims trial is encouraged. Removal to the Superior Court before trial is prohibited. 14 M.R.S.A. § 7484(4) (Supp. 1988); M.R.Civ.P. 81(b)(2)(A). The defendant's right to a jury trial de novo must be exercised in accordance with M.R.S.C.P. 11 and M.R.Civ.P. 80L, and only on appeal to the Superior Court. *Design Dev., Inc. v. Ferraiolo Constr.*, 522 A.2d 1308, 1309–10 (Me.1987).

■ Only if a defendant appears and defends in Small Claims Court can the merits of a plaintiff's claim be tested and a judgment for the defendant be possible. Such a judgment in favor of a defendant eliminates the need for the more formal, cumbersome, time-consuming and expensive jury trial. To grant a jury trial in the Superior Court to a defendant who does not "undergo a non-jury trial" in the Small Claims Court, *Ela*, 495 A.2d at 1229, would circumvent the language and the purpose of the rule limiting the right to a jury trial de novo on appeal. Because Dineen did not appear and undergo a trial in the District Court, he lost his right to a jury trial de novo on the merits of H & H Oil's claim.

■ Moreover, even had Dineen not been defaulted in the Small Claims Court, the Superior Court correctly dismissed his appeal request for a de novo jury trial. The appeal procedure is governed by M.R.S. C.P. 11 and M.R.Civ.P. 80L. M.R.S.C.P. 11(d)(2) requires the defendant-appellant seeking a jury trial de novo to file an affidavit meeting the requirements of M.R. Civ.P. 56(e) "setting forth specific facts showing that there is a genuine issue of material fact as to which there is a right to trial by jury."

M.R.Civ.P. 80L(c)(1) provides for a threshold determination in the Superior Court of whether the affidavit presents a material issue of fact entitling the appealing defendant to a trial by jury. *See* M.R. Civ.P. 80L(c)(1). In addition, M.R.Civ.P. 80L(c)(4) provides the Superior Court, upon its own initiative, with the authority to review at any time the threshold decision that placed the case on the jury trial list:

An action placed upon a jury trial list shall be tried by jury. If ... the court

---

**2.** M.R.S.C.P. 11(d)(2) provides in pertinent part:
An appeal by a defendant may be on questions of law only or, on any issue so triable of right, by jury trial *de novo* at the election of the defendant....
(Emphasis added.)

M.R.Civ.P. 80L(a) provides in pertinent part: This rule governs proceedings in jury trials *de novo* on appeal to the Superior Court from judgments of the District Court in small claims actions....
(Emphasis added.)

upon its own initiative *at any time* finds that no right to trial by jury of any issue exists ... the appeal shall be dismissed....

M.R.Civ.P. 80L(c)(4) (emphasis added).

Here, Dineen's affidavit merely denied the allegations in H & H Oil's complaint, and did not present any specific facts demonstrating that Dineen does not owe the amount claimed by H & H Oil. "An ... affidavit which merely says in effect, 'what you say is not so' does not raise a genuine issue." 2 Field, McKusick & Wroth § 56.4, at 39 (citing *Wilkinson v. Powell*, 149 F.2d 335 (5th Cir.1945)). It was not an abuse of discretion for the Superior Court to re-examine Dineen's affidavit prior to trial, and not error for it to conclude that the affidavit generated no genuine issue of material fact for trial. The appeal was properly dismissed.

The entry is:

Judgment affirmed.

All concurring.