STATE OF MAINE  
ANDROSCOGGIN, SS.

SUPERIOR COURT  
CIVIL ACTION  
DOCKET NO. AP-03-11

RECEIVED & FILED

DEC 1 8 2003

ANDROSCOGGIN  
SUPERIOR COURT

A-1 AUTO, INC.,

Plaintiff

v.

RODNEY HEATH,

Defendant

ORDER OF DISMISSAL

DONALD L. C̣̣̣̣̣̣̣T  
LAẈ̣̣̣̣Y

JAN 2 1 2004

This action started as a small claims complaint in the District Court. The plaintiff complained that the defendant "defaulted on a retail installment contract" involving the purchase of a 1991 Ford Probe, and owed plaintiff $2,535.80.

The case did not resolve after a mediation and it proceeded to trial. After hearing evidence from both parties, the District Court (Lewiston, *Beliveau, J.*), entered judgment for the defendant and made a specific finding: "Plaintiff breached warranty - see T10 - § 4174 – vehicle not operable [and] defect or condition occurred [within] 30 days [*sic*]."

From this judgment the plaintiff filed a timely Notice of Appeal. Because the case was initiated as a small claims, the plaintiff waived its right to trial by jury. *Ela v. Pelletier*, 495 A.2d 1225 (Me. 1985). The appeal is therefore limited to issues of law. M.R.S.C.P. 11 (d)(1). The appeal is to be "determined by the Superior Court without jury on the record on appeal prepared as provided [by these rules]." The plaintiff appellant is responsible for the preparation and transmission to the Superior Court of the record on appeal in small claims actions when a jury trial de novo, as here, has not been demanded. M.R.S.C.P. 11 (d)(3), M.R. Civ. P. 76F.

The record in this case consists of the original pleadings and court documents and exhibits which appear to have been offered at the trial. There is no transcript of the small claims trial, M.R.S.C P. 11(d)(5), M.R. Civ. P. 76H(d).

The plaintiff/appellant did file a brief which generally outlines his factual statement of the case. The defendant/appellee did not file a reply brief. For this reason, the court has the option to preclude him from being heard at oral argument. M.R. Civ. P. 76G(b). In this case, however, such sanction is moot.

The court has reviewed appellant's brief. It presents factual statements with minimal reference to the legal issues. To the extent that the brief makes reference to warranty law, the court is unable to determine that the small claims judge was in error. Without a transcript or an approved substitute record, there is no means to examine the facts upon which the original judgment was based.

The clerk will make the following entry as the Decision and Order of this court.

- Appeal dismissed.

- Case remanded to the District Court for entry of final judgment.

So Ordered.

DATED: December 18, 2003

Thomas E. Delahanty II
Justice, Superior Court

Both Parties
Pro Se