STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-05-09

MARCIA E. LEE,

      Plaintiff

      v.                        **ORDER**

TERRY NORTON,

      Defendant

Defendant Norton appeals from an adverse Small Claims judgment and requests a jury trial.

The contested facts can be summarized as follows: Plaintiff claims she left "Butch", a dog, with her mother on a temporary basis. When the mother experienced medical difficulties, "Butch" was sent to live with Defendant Norton. Plaintiff requested that Butch be returned. Defendant refused claiming that Butch had been given to him as an outright gift, which the mother had authority to give.

At trial, Defendant's counsel asked that the trial judge recuse. After hearing, the request was denied. After judgment was entered for Plaintiff, this appeal and request for jury trial was filed. The grounds for appeal are an abuse of discretion on the part of the trial judge for denying the recusal request, and a genuine factual dispute concerning the ownership of the dog.

There is no right to jury trial on the issue of an abuse of discretion by the trial judge. That issue presents a question of law only.

The question of true ownership of the dog raises a jury question. However, in order to perfect a request for jury trial a defendant must file an affidavit meeting the requirements of Rule 56(e) generating a factual dispute. Maine Rules Small Claims Procedure, 11(d)(2). Rule 56(e) requires that the affidavit contain information from an affiant that would be admissible evidence at trial.

Here the parties stipulated that the dog was originally owned by Plaintiff. Plaintiff alleges she never surrendered possession of the dog and that she had a right to possession of the dog at all times, including at the time her mother gave the dog to the Defendant, an essential component of her conversion claim. Defendant's counsel's affidavit, made on personal knowledge, and with proper jurat, maintains that Plaintiff, her witnesses, and her mother, contradict the mother's earlier statements to Defendant that the mother owned the dog. This contradiction, according to defendant's counsel, raises a genuine dispute of material fact concerning the Plaintiff's and her mother's credibility and therefore, whether Plaintiff in fact surrendered ownership of the dog to her mother. However, Defendant counsel's affidavit identifies no evidence beyond that denial. Although Plaintiff's mother may have told the Defendant that she owned the dog, nothing in defendant counsel's affidavit identifies evidence suggesting that the mother's representations to Defendant were accurate. To create a disputed issue of fact, Defendant must not only deny Plaintiff's assertions, but must support the denial with admissible evidence showing that Plaintiff's assertions are not believable. *See, e.g., Stanley v. Hancock County Commissioners*, 2004 ME 157, ¶ 21, __A.2d__(finding appellants failed to generate a factual dispute when his denials included no circumstantial evidence that respondents' testimony was "unworthy of credence."); *H & H Oil Co., Inc. v. Dineen*, 557 A.2d 604, 605 (Me. 1989)(mere denial of plaintiff's facts insufficient).

Thus, Defendant's request for jury trial is Denied and this appeal will be limited to questions of law.

The clerk may incorporate this order in the docket by reference.

Dated: February 9 , 2005

_G. Arthur Brennan_
Justice, Superior Court

Lawrence B. Goodglass, Esq. - PL
Neal L. Weinstein, Esq. - DEF