STATE OF MAINE                                  SUPERIOR COURT
YORK, SS.                                       Civil Action
                                                Docket No. AP-16-006


ROWELL, LLC,

                Plaintiff/Appellee,

v.                                              DECISION AND ORDER

11 TOWN LLC
d/b/a BOSTON CONNECTION,

                Defendant/Appellant.


This is an appeal from a forcible entry and detainer judgment entered in Biddeford District Court (*Driscoll, J.*) on January 8, 2016. For the reasons set out below, the appeal is denied.

## Background

Rowell LLC filed a forcible entry and detainer complaint in Biddeford District Court in December 2015. The complaint alleges that Rowell LLC entered into a commercial lease agreement with 11 Town LLC in May 2015 regarding property at 111 Elm St. in Biddeford and that 11 Town LLC was in breach of the agreement by being delinquent in paying its rent.

A final hearing was held on January 8, 2016. Dimitri Bouras, a member of 11 Town LLC, did not appear for the hearing. Nor did an attorney for the LLC. The LLC did not post the unpaid rent as a condition of maintaining a defense to a forcible entry and detainer action involving a commercial lease.

An individual named James D. Bouras did appear at the hearing, purporting to represent 11 Town LLC. He stated that he was Dimitri Bouras's father as well as the registered agent for 11 Town LLC. James D. Bouras is not an attorney. He is not a

1

member of the LLC. Because the District Court concluded that James Bouras had no standing to represent 11 Town LLC in the proceeding, and because no other qualified person or representative appeared, it entered a default judgment.

Dimitri Bouras, on behalf of 11 Town LLC, filed a timely notice of appeal and affidavit from the judgment on January 15, 2016. He used a form provided by the court.

Section 2 of the form requires an appellant to indicate the ground(s) for the appeal. It offers two choices, with boxes to check and the following instruction: "Check all boxes that apply." *See Notice of Appeal and Affidavit, Forcible Entry and Detainer,* at 1.

In this case, the first box, which reads, "I appeal to the Superior Court on the following questions of law," is unchecked. *Id.* Also left blank are the lines that follow, which provide space for a description of any legal question(s) for which review is sought.

The second box is checked. It reads: "I appeal to the Superior Court for a jury trial *de novo;*" and in the lines provided for further explanation is written: "Separate sheet attached." *Id.* The form is signed by "Dimitri J. Bouras, Member." The signature is properly notarized.

The attached separate sheet to reference is made is a two-paragraph statement that provides as follows:

> "There were no facts discussed at the hearing due to a question as to who should represent the defendant and why. These opinions were volunteered by persons present in the court which were strangers to me as well as the lawyer for the plaintiff. This activity created a very confusing setting for presenting the facts in this case and resulted in a default being entered.
>
> The defendant in this matter has a Meritorious Defense to the plaintiff's complaint, presenting the facts would prove that there are genuine issues

2

that deserve to be heard. These specific facts are in the record of this case and keeping them from being heard would deprive defendant of his rights."

*Id. (Attached jury trial request).*

On February 2, 2016 the Clerk of the Superior Court issued a notice and briefing schedule confirming that the District Court record of proceedings had been filed in this court on January 29, 2016. No transcript or statement in lieu of a transcript has been filed as part of the record. The notice also established a briefing schedule for the parties.

On February 8, 2016 appellee filed a Statement of Rowell, LLC Regarding Appeal as well as an affidavit (under Rule 80D(f)(f)(3)) of its counsel, F. Bruce Sleeper, Esq. Appellee contests the sufficiency of appellant's request for a jury trial and appeal on several grounds: First, the affidavit filed by appellant was deficient under the rules for several reasons and therefore appellant is not entitled to a jury trial *de novo* and can only raise questions of law on appeal; second, appellant defaulted in the District Court because neither the LLC's sole member nor its counsel appeared to represent it at hearing; and third, appellant failed to satisfy a condition of maintaining its defense to the FED action in the District Court because it did not pay all rental arrearages as per 14 M.R.S. § 6017(2), and further it did not pay the lesser of any unpaid portion of the current's month rent or rent arrearage as a condition of appeal as per 14 M.R.S. § 6008(2).[1]

On February 26, 2016 appellant, now through counsel, filed Defendant's Response to Plaintiff's Statement Regarding Appeal and Motion to Vacate Default

---

[1] Appellant also filed on the same day, February 8, 2016, a copy of a January 29, 2016 letter and check in the amount $2,041.68 to H. A. Mapes, Inc. for February rent of 111 Elm St. in Biddeford.

3

Judgment. Appellant contends that this appeal should not be dismissed "based on an alleged technical error in the Court's approved form." *Defendant's Response to Plaintiff's Statement Regarding Appeal*, at 1. Further, appellant contends that the affidavit filed by Mr. Bouras did raise factual disputes and that review is now sought "not on the issue of default judgment, but on the underlying lease dispute issues which were not tried in District Court." The filing then goes on to summarize the factual issues that would have been presented and contested at the District Court hearing, and would now be in issue in a jury trial *de novo* in Superior Court. The pleading is signed by appellant's counsel, Attorney Jeffrey Bennett. It was not notarized or signed under oath. Alternatively, appellant requests that the default judgment entered in the District Court be vacated.

Appellee filed a reply to the foregoing pleading on March 2, 2016.

## Discussion

The appeal is denied on several independent and alternate grounds.

**1. Appellant's request for a jury trial *de novo* does not comply with the rules.**

A party who seeks a jury trial *de novo* must demand a jury trial in the notice of appeal and "shall file with the notice an affidavit or affidavits meeting the requirements of Rule 56(e) and setting forth specific facts showing that there is a genuine issue of material fact as to which there is a right to trial by jury." M.R. Civ. P. 80D(f)(2)(A). Failure to make such a demand for jury trial and include with it the required affidavits "constitutes a waiver of the right to a jury trial, and the appeal shall be on questions of law only, as provided in paragraph (1) of this subdivision." *Id.*

Appellant used a form "affidavit" provided by the court in appealing this case and requesting a jury trial. As appellee correctly points out, the court's form does not appear to comply strictly with the requirements of Rule 56(e) in that the jurat does not

4

state that the facts averred are made on the affiant's personal knowledge. Appellant claims that denying a jury trial on that basis would be unfair and inequitable.

Rule 56(e) also requires, however, that an affidavit set forth "specific facts showing that there is a genuine issue for trial." Here, Mr. Bouras's affidavit makes general, conclusory statements, such as "defendant in this matter has a Meritorious Defense to the plaintiff's complaint;" that "presenting the facts would prove that there are genuine issues that deserve to be heard;" and that "[t]hese specific facts are in the record of this case and keeping them from being heard would deprive defendant of his rights." Attachment to *Notice of Appeal and Affidavit, Forcible Entry and Detainer*. These averments are not specific as to the facts in dispute; they are insufficient to satisfy Rule 56(e). *Cf. H & H Oil Co. v. Dineen*, 557 A.2d 604, 605-06 (Me. 1989). (Affidavit lacking specific facts insufficient to establish genuine issue of material fact in small claims appeal.) Although appellant's subsequent filing on February 26* attempts to fill in the blanks with regard to the disputed facts that were omitted from the affidavit, this recitation is an unsworn statement of counsel, not an affidavit fulfilling the requirements of the rules.

### 2. Appellant failed to maintain a condition of defense in the District Court.

This case involves a commercial lease. As a condition of maintaining defense to a forcible entry and detainer action in the District Court, a commercial lessee is required to pay all past rent due. 14 M.R.S. §6017(2)(A). The record is clear that this did not occur.

### 3. Appellant was properly defaulted in District Court.

Because neither 11 Town LLC's sole member nor its counsel appeared at the final hearing, the court properly entered a default judgment. Appellant's last filing included an "incorporated motion to vacate default." The motion is not only

misplaced but also deficient on its face.   A motion for relief from or to vacate a default judgment must be directed to the court that entered the default, not an appellate court as part of an appeal.   *See Richter v. Ercolini,* 2010 ME 38, ¶ 12, 994 A.2d 404, 408.   Even if such a request were proper, appellant has not stated any grounds to support a request to set aside a default judgment.   A motion to reconsider under M.R. Civ.P. 59(e) must be filed within 14 days after entry of judgment.   A motion for relief from judgment under M.R. Civ.P. 60(b) must at least offer a reasonable excuse for the default.

Finally, appellant did not identify any other specific question of law on appeal.

Accordingly, the entry must be as follows:

**Appeal is DENIED.   Judgment of the District Court is AFFIRMED.**

The clerk may incorporate this order upon the docket by reference pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

**SO ORDERED**

DATE:   March 18, 2016

Wayne R. Douglas
Justice, Superior Court

6