MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:    2017 ME 140
Docket:      Han-16-414
Argued:      April 12, 2017
Decided:     June 29, 2017

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

PORTFOLIO RECOVERY ASSOCIATES, LLC

v.

MAX A. BICKFORD

JABAR, J.

[¶1]  Max A. Bickford appeals from a judgment of the Superior Court (Hancock County, *R. Murray, J.*) affirming a District Court (Ellsworth, *Mallonee, J.*) judgment in a small claims proceeding in favor of Portfolio Recovery Associates, LLC (PRA), finding Bickford liable on debt that PRA had purchased from a prior creditor.  Bickford raises two issues on appeal.  He contends that the District Court erred by finding that PRA had met its burden of proof and by admitting PRA's exhibits into evidence.  We disagree and affirm.

I.  BACKGROUND

[¶2]  PRA filed two small claims complaints against Bickford: one on April 23, 2015, and the second on May 11, 2015.  The first claim alleged that

Bickford had been indebted to Capital One Bank (USA), N.A. in the amount of $1,102.20 and that PRA had purchased the debt. The second alleged that Bickford had been indebted to HSBC Bank Nevada, N.A. in the amount of $885.08 and that PRA had purchased the debt. In each complaint, PRA requested a judgment against Bickford for the amount of the alleged debt plus costs.

[¶3] The District Court (*Mallonee, J.*) heard the cases together on October 5, 2015. For each claim, PRA offered in evidence an affidavit suggesting that PRA had received proper assignment of Bickford's debt and that the purported amount of the debt was an accurate statement of the amount of money owed. PRA also offered in evidence for each claim bills of sale purportedly proving the sale of Bickford's two accounts from the prior creditors to PRA. Additionally, as to its first claim, PRA offered in evidence several credit card statements and a 2012 Maine tax lien certificate offered to show that the address where the statements were mailed was Bickford's residence. As to its second claim, in addition to the affidavit and bill of sale, PRA offered in evidence a single credit card statement.

[¶4] Bickford objected to the admission of the affidavits in each claim on the basis that there was no witness to verify their relevance, accuracy, or

credibility, and that they did not comply with the requirements for actions brought on itemized annexed accounts pursuant to 16 M.R.S. § 355 (2016). Bickford also argued that all of PRA's exhibits should be excluded pursuant to M.R.S.C.P. 6(b) and 15, and M.R. Civ. P. 43(a). Further, he argued at the hearing that PRA had offered no evidence of a contract and therefore could not prove its claims for breach of contract.

[¶5] The court reserved ruling on the evidentiary offerings in both claims and provided additional time for each party to submit written arguments. After review of the written submissions, in two decisions— without making factual findings or explicitly ruling on the admissibility of the evidence—the court found that 16 M.R.S. § 355 did not apply and concluded that PRA had met its burden of proof as to both claims.[1] Bickford appealed both decisions to the Superior Court pursuant to M.R.S.C.P. 11(d), and the Superior Court (Hancock County, *R. Murray, J.*) affirmed the District Court's decisions. Bickford timely appeals that judgment. *See* M.R. App. P. 2(b)(3).

---

[1] At the hearing, PRA asserted that its complaints recited claims only for breach of contract. In written filings to the District Court following the hearing, PRA asserted causes of action for breach of contract and unjust enrichment, and a claim under the Fair Debt Collection Practices Act, *see* 15 U.S.C.S. §§ 1692-1692p (LEXIS through PL 115-9). On appeal here, PRA does not specify the legal theory under which it is entitled to relief, but contends that its evidence supports the court's finding that PRA owns Bickford's debt, the debt is in the amounts alleged, Bickford defaulted, and PRA's two affidavits meet the statutory requirements of 16 M.R.S. § 355 (2016), which sets out requirements of affidavits for accounts annexed complaints. Because at the hearing PRA explicitly disclaimed section 355 as a basis for Bickford's liability, we do not consider arguments related to that cause of action.

## II. DISCUSSION

[¶6]   Bickford raises two issues on appeal.  First, he claims that the District Court erred by finding that PRA had met its burden of proof to establish its ownership of his debt.  Second, he asserts that the court erred by admitting PRA's affidavits into evidence because the affidavits do not meet the requirements of 16 M.R.S. § 355 and PRA presented no live witnesses to support its case.

### A.    Standard of Review

[¶7]   Small claims proceedings in the District Court are creatures of statute with procedures and rules different from those in the District and Superior Courts.  *See* 14 M.R.S. §§ 7481-7487 (2016).  Initially, the small claims rules limited any appeal by either party to issues of law.  *See Ela v. Pelletier*, 495 A.2d 1225, 1227-28 (Me. 1985).  In *Ela v. Pelletier,* however, we held that limiting appeals by the defendant to issues of law violated the Maine Constitution because it denied the defendant the right to a jury trial.  *Id.* at 1228-29.  Because the plaintiff had the option of bringing the claim in Superior Court where a jury trial would be available, there was no constitutional requirement that the plaintiff be given the same right as the

defendant to appeal a small claims judgment and demand a jury trial. *Id.* at 1229.

[¶8] The Rules of Small Claims Procedure were subsequently amended to reflect the defendant's options on appeal. *See* M.R.S.C.P. 11. Rule 11(d)(2) states that upon appeal by the defendant, he or she is entitled to a jury trial de novo on an issue triable by right. If the defendant decides to appeal any factual issues, he or she is required to file affidavits "'setting forth specific facts showing that there is a genuine issue of material fact'" entitling the appealing defendant to a trial by jury. *H & H Oil Co. v. Dineen*, 557 A.2d 604, 605 (Me. 1989) (quoting M.R. Civ. P. 56(e)); *see also* M.R.S.C.P. 11(d)(2); M.R. Civ. P. 80L. Failure to make a demand for a jury trial with accompanying affidavits constitutes a waiver of his right to jury trial. In that event, the appeal is limited to questions of law. *See* M.R.S.C.P. 11(d)(1)-(2).

[¶9] Here, Bickford did not demand a jury trial on any issues, and therefore we only address any legal issues, which we review de novo. *See Gray v. TD Bank, N.A.*, 2012 ME 83, ¶ 10, 45 A.3d 735. Legal issues do *not* include questions of weight to be given to evidence. *See Vibert v. Dimoulas*, 2017 ME 62, ¶ 16, --- A.3d ---. Thus, to the extent that Bickford argues that the court erred in its assessment of evidence properly admitted, that argument

cannot entitle Bickford to relief on appeal. To the extent that Bickford argues that, as a matter of law, PRA did not present evidence on which the court could have determined that Bickford was liable, that argument is cognizable on appeal. *See NDC Commc'ns, LLC v. Carle*, 2016 ME 156, ¶ 7, 149 A.3d 1151.

[¶10] PRA's evidence was limited to the information contained in and accompanying the affidavits. If the court did not err in admitting the affidavits in evidence, then the court had evidence sufficient to support its determinations that Bickford is liable to PRA. Alternatively, if the affidavits were not admissible, then there would be *no* evidence on which the court could find Bickford liable. We therefore turn to Bickford's argument pertaining to the admissibility of PRA's documents admitted in evidence.

B. Admissibility of the Evidence

[¶11] Bickford argues that the court erred by admitting in evidence the various exhibits that PRA offered in both its claims, because PRA's reliance upon affidavits rather than live witnesses denied Bickford a fair opportunity to present a defense. PRA, on the other hand, contends that its exhibits were properly admitted and that there was no requirement for it to present a live witness.

[¶12]  The purpose of small claims proceedings is to provide "a simple, speedy and informal court procedure for the resolution of small claims." 14 M.R.S. § 7481.  Small claims are defined as any claim for "debt or damage[s]" no greater than $6,000.  14 M.R.S. § 7482.  The Small Claims Act provides that the Supreme Judicial Court shall adopt procedural rules for small claims actions.  14 M.R.S. § 7484-A.  Under M.R.S.C.P. 6(b), the Maine Rules of Evidence, other than those with respect to privilege, do not apply in small claims proceedings.  Without setting evidentiary standards, M.R.S.C.P. 6(b) states that "[t]he court may receive *any* oral or documentary evidence, not privileged, but may exclude any irrelevant, immaterial, or unduly repetitious evidence."  (Emphasis added).

[¶13]  In this case, the exhibits submitted by PRA included documents that were not "irrelevant, immaterial, or unduly repetitious."  In support of its claim on the Capital One debt, PRA offered in evidence photocopies of five credit card bills setting out Bickford's name, an account number, the dates of the statements, and the outstanding balance.  In support of its claim on the HSBC debt, PRA offered in evidence one credit card bill also setting out Bickford's name, an account number, a date, and an outstanding balance. PRA's affidavits suggested that PRA was the assignee of Bickford's previous

8

creditors and listed the final four digits of the Capital One and HSBC accounts. In addition, PRA offered two bills of sale, one for each claim, both stating that "[a]ccounts identified in the Sale File" had been sold by prior creditors to PRA. The court was entitled to admit in evidence and then consider these documents because they fell within the general grant of admissibility created in Rule 6(b) and because none of that Rule's grounds for exclusion applied here. There was no error in the court's decision to admit these documents in evidence.[2]

The entry is:

Judgment affirmed.

---

[2] We are not persuaded by Bickford's assertion that in this type of proceeding, he had a "right" to cross-examine the affiants, and we note that nothing in the record indicates that Bickford requested any process by which one or both affiants would be made available, telephonically or otherwise, for testimonial purposes.

Erica Veazey, Esq. (orally), Pine Tree Legal Assistance, Bangor, for appellant Max A. Bickford

Katherine Audet, Esq., Law Offices Howard Lee Schiff, PC, Portland, and David P. Florio, Esq. (orally), Law Offices Howard Lee Schiff, PC, Auburn, Massachusetts, for appellee Portfolio Recovery Associates, LLC.

Linda Conti, Asst. Atty. Gen., Office of the Attorney General, Augusta, for amicus curiae Attorney General Janet T. Mills

Thomas A. Cox, Esq., National Consumer Law Center, Portland, and Jeffrey Gentes, Esq., Jerome N. Frank Legal Services Organization, New Haven, Connecticut, for amici curiae The National Consumer Law Center and The Jerome N. Frank Legal Services Organization

Hancock County Superior Court docket numbers AP-2015-10 and AP-2015-11
FOR CLERK REFERENCE ONLY