STATE OF MAINE
YORK, ss.

SUPERIOR COURT
Civil Action
Docket No. AP-17-0034

TOWN OF ELIOT,

      Plaintiff/Appellee

v.

ORDER

ERIC'S FLAG CARS – A NUTHER CO.,

      Defendant/Appellant

Appellant Eric's Flag Cars appeals from an August 10, 2017 small claims judgment in Biddeford District Court (*Janelle, J.*) awarding the Town of Eliot $3,340 with costs of $158.93. The judgment was rendered by default because appellant failed to appear for the final hearing. The Town has moved to dismiss the appeal. For the reasons set out below, the motion to dismiss is granted.

First, the appeal is untimely. Judgment was entered on August 10, 2017. A notice of appeal from a small claims judgment must be filed within "30 days from the entry of judgment appealed from, except that upon a showing of excusable neglect the court may extend the time for filing the notice of appeal for up to 30 days from the expiration of the original time set by this rule." M. R. Sm. Cl. P. 11(a). The "original time" for filing this appeal under Rule 11(a) would have expired on September 9, 2017—the 30th calendar day after the date judgment was entered. Because September 9th was a Saturday the time for filing the appeal extended to Monday September 11th. M.R. Civ. P. 6(a). The notice of

1

appeal in this case was filed on September 20, 2017.[1]  Further, appellant has

failed to establish excusable neglect for a late filing.  Appellant's November 6th

filing does not establish excusable neglect.

Second, even if the appeal had been timely filed it would be dismissed for

the following reasons.

The notice of appeal does not identify the issues being appealed; does not

indicate whether appellant is requesting a de novo jury trial; and does not

indicate whether a transcript of hearing or a statement in lieu of hearing is being

filed.  It appears from appellant's brief[2] that the sole basis for appeal concerns a

dispute over the facts in issue; therefore appellant presumably is seeking a de

novo jury trial.  A defendant in a small claims action who fails to appear for final

hearing in the District Court waives the right to a jury trial de novo in Superior

---

[1] The notice of appeal bears two date stamps.  One reads:  "~~YORK DISTRICT COURT September 11, 2017 AM 11:20~~"; the other reads: "YORK DISTRICT COURT September 20, 2017 AM 2:24."  As indicated, the former has been crossed out.  Thus, it appears the September 11th date stamp was a clerical error, and that the notice of appeal was actually filed and received on September 20th.

[2] Appellant's brief was due on November 6, 2017.  See Notice and Briefing Schedule, dated September 25, 2017; M.R. Civ. P. 6(a) (because 40th day fell on Saturday November 4th, filing deadline extended to Monday November 6th).  On November 6th, appellant filed a five-sentence document that appears to set out some facts concering the incident that was the subject of the claim.  The filing is unclear as to its purpose and intent, as in addition to the two sentences addressing factual issues, it also seeks to explain appellant's reasons for not appearing on September 25 or October 25 (two dates on which there was nothing scheduled); alludes to the deadline for filing a legal brief; and states that appellant "is in the process of finding a Maine licensed attorney."  To the extent this filing is not intended to be appellant's brief, then appellant has missed the briefing deadline  and the appeal is dismissed on that basis.  See Notice and Briefing Schedule, dated September 25, 2017 (failure to comply with filing deadline results in dismissal).  Alternatively, if the filing were construed to be a request for an extension of time to file a brief, it fails to set forth a reasonable ground for doing so and is denied.  The court assumes for purposes of this decision that the November 6th filing is intended to be appellant's brief, and therefore was timely filed.

2

Court. *H & H Oil Co., Inc v. Dineen,* 557 A.2d 604, 605 (Me. 1989). Moreover, to the extent a de novo jury trial is requested, appellant has not filed an affidavit in support of his request that complies with the rules and therefore waives that right. *See* M.R.S.C.P. 11(d)(2); M.R. Civ. P. 80L(c)(1), M.R. Civ. P. 56(e).

Even if the instant appeal does not seek a de novo jury trial but instead purports to raise questions of law, appellant's brief has failed to identify any issues of law or provide any basis upon which the court could conclude that the District Court erred as a matter of law.

Accordingly, the entry shall be:  Town of Eliot's motion to dismiss GRANTED.  Appeal is DISMISSED.  Case remanded to District Court.

SO ORDERED

Dated:  November 15, 2017

_____
Wayne R. Douglas
Justice, Maine Superior Court

**ENTERED ON THE DOCKET ON:** _11/16/17_

3

ALFSC-AP-17-34


PRO SE APPELLANT:

ERIC'S FLAG CARS, A NUTHER COMPANY
JOSEPH NEWTON
PO BOX 646
ATHOL  MA  01330


ATTORNEY FOR APPELLEE:

KELLY HOFFMAN, ESQ.
NORMAN HANSON & DETROY
PO BOX 4600
PORTLAND  ME  04112-4600