STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. PORSC-CV-2020-335

GAIL L. DYKE,               )
                           )
          Plaintiff        )
                           )
     v.                    )   ORDER ON PLAINTIFF'S MOTION TO
                           )   REMAND AND DEFENDANT'S
JEFFREY E. DYKE,           )   MOTION TO STAY
                           )
          Defendant.       )
                           )
                           )

Before the court are Plaintiff's Motion to Remand and Defendant's Motion to Stay Proceedings.

Plaintiff Gail Dyke filed a complaint alleging two counts of breach of contract against her ex-husband, Defendant Jeffrey Dyke, arising out of two agreements entered into by the parties, a Post-Marital Agreement and a Divorce Settlement Agreement. Plaintiff seeks to enforce the agreements.

Defendant Jeffrey Dyke filed a Notice of Removal pursuant to Rule 76(C), exercising his right to remove the matter to the Superior Court for a jury trial. Defendant also filed a Motion to Stay the action pending resolution of parallel litigation in the Cumberland County District Court, *Jeffrey E. Dyke v. Gail W. Dyke*, Docket No. FM-14-00359. In the parallel litigation, Jeffrey Dykes seeks to modify a Divorce Judgment dated December 5, 2014, which incorporated the above-referenced Divorce Settlement Agreement. Defendant argues that the District Court's decision with respect to the modifiability of spousal support may eliminate the need for a duplicative proceeding in Superior Court on Plaintiff's breach of contract claims.

For Plaintiff: Susan Bixby, Esq.          For Defendant: Gene Libby, Esq.

REC'D CUMB CLERKS OF
DEC 10 '20 AM 10:59

1

In response, Plaintiff filed a Motion to Remand the matter to District Court and an Opposition to Defendant's Motion to Stay proceedings. Plaintiff asks the court to remand the matter to the District Court and argues that there is no right to a jury trial in an action for breach of contract to enforce a divorce settlement agreement that was incorporated but not merged into the divorce judgment.

Plaintiff's complaint is a common law breach of contract claim seeking to enforce the agreements between the parties and to be awarded money damages. Because the Divorce Settlement Agreement was incorporated but not merged with the Divorce Judgment, it retains its own independent legal significance. *See* JON D. LEVY, MAINE FAMILY LAW § 10.3 at 10-8 (LexisNexis, 6th ed. 2009). Although it is related to the family law matter, the District Court does not retain exclusive jurisdiction. It is well-established that a party has a right to a jury trial on a breach of contract claim. *See, e.g. Ela v. Pelletier*, 495 A.2d 1225, 1228 (Me. 1985). Therefore, the Superior Court has jurisdiction to hear this matter under its general civil jurisdiction pursuant to 4 M.R.S. § 105.

The entry is:

1. Plaintiff's Motion to Remand is denied.
2. Defendant's Motion to Stay Proceedings is granted. The matter is stayed pending the District Court's decision on Jeffrey Dyke's motion to modify, *Jeffrey E. Dyke v. Gail W. Dyke*, Docket No. FM-14-00359.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: December 10, 2020

MaryGay Kennedy, Justice
Maine Superior Court

2