STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC, ss.                                     CIVIL ACTION
                                                  DOCKET NO. AP-22-40

DAVID BEANE,                        )
                                    )
        Plaintiff/Appellee,         )
                                    )
    v.                              )        **ORDER DENYING**
                                    )        **JURY TRIAL REQUEST**
ANISSA MORISSETTE,                  )
                                    )
        Defendant/Appellant.        )
                                    )

Defendant/Appellant Anissa Morissette appeals from a small claims judgment of the District Court (*Montgomery, J.*) in favor of Plaintiff/Appellee David Beane. Ms. Morissette seeks a jury trial de novo. For the following reasons, the court denies her request.

## PROCEDURAL HISTORY

In August 2022, Mr. Beane initiated a small claims action seeking judgment against Ms. Morissette in the amount of $6,000. He alleged that Ms. Morissette, a roofing contractor, failed to complete a roofing job on his home per the terms of their contract, and that the quality of her work was substandard.

The District Court held a hearing on September 30, 2022, at which both parties appeared. By judgment dated October 2, 2022, the court concluded that Mr. Beane had proved his claim by a preponderance of the evidence and awarded him $6,000 plus costs.

1

In a notice of appeal filed October 31, 2022, Ms. Morissette requested a jury trial de novo. While she completed the appropriate notice of appeal form and briefly stated the grounds of her appeal, she did not file an affidavit as required by Rule 11(d)(2) of the Maine Rules of Small Claims Procedure.

## DISCUSSION

"The Superior Court has specific but limited appellate authority in small claims matters." *Cote v. Vallee*, 2019 ME 156, ¶ 9, 218 A.3d 1148; *see* 4 M.R.S. § 105(3)(B)(2); 14 M.R.S. § 7484-A(1); M.R.S.C.P. 11(d). If the defendant seeks a jury trial de novo and "decides to appeal any factual issues, he or she is required to file affidavits setting forth specific facts showing that there is a genuine issue of material fact entitling the appealing defendant to a trial by jury." *Portfolio Recovery Associates, LLC v. Bickford*, 2017 ME 140, ¶ 8, 166 A.3d 986 (internal quotation marks omitted); M.R.S.C.P. 11(d)(2); M.R. Civ. P. 80L(c)(2). Specifically, M.R.S.C.P. 11(d) states:

> A defendant who seeks a jury trial de novo shall briefly state the grounds of the appeal and demand a jury trial in writing on the notice of appeal *and shall file with the notice an affidavit or affidavits meeting the requirements of Rule 56(e) of the Maine Rules of Civil Procedure, and setting forth specific facts showing that there is a genuine issue of material fact as to which there is a right to trial by jury.*

M.R.S.C.P. 11(d)(2) (emphasis added).

Under this rule, the defendant's "[f]ailure to make demand for jury trial with accompanying affidavit or affidavits constitutes a waiver of the right to jury trial de novo." *Id.*; *see also Portfolio Recovery*, 2017 ME 140, ¶ 8, 166 A.3d 986 ("Failure to

2

make a demand for a jury trial with accompanying affidavits constitutes a waiver of [the defendant's] right to jury trial.").

In this case, Ms. Morissette failed to file the requisite affidavit with her notice of appeal. *See Portfolio Recovery*, 2017 ME 140, ¶ 8, 166 A.3d 986; M.R.S.C.P. 11(d)(2). That failure constitutes a waiver of her right to a jury trial de novo. *See id.* Ms. Morissette's request for a jury trial is therefore denied.

Additionally, this appeal must be dismissed because Ms. Morissette has failed to raise any independent questions of law upon which her appeal may proceed. *See* M.R. Civ. P. 80L(c)(3) (requiring dismissal of the appeal if the affidavits do not reveal a genuine issue of material fact, "provided that, if either party has raised an independent question of law in the notice of appeal" and the issue is "material to a legal claim or defense, the appeal shall proceed . . . ."). As grounds for her appeal, Ms. Morissette challenges the District Court's credibility determinations as well as its valuation of damages, both of which present issues of fact.

The entry is:

Defendant's request for a jury trial de novo is DENIED, and her appeal is DISMISSED.

The clerk is directed to incorporate this order on the docket by reference pursuant to M.R. Civ. P. 79(a).

DATED: 9/27/23

_____
Julia M. Lipez
Justice, Superior Court

3